United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) ) Criminal Case No. 20-20194-CR-Scola ) |
| Robert Janxons Castro Riascos, Defendant. | ) ) ) |

**Order Granting Motion for Sentence Reduction
and Denying Appointment of Counsel**

      This matter is before the Court on Defendant Robert Janxons Castro Riascos's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and for the appointment of counsel. (Mot., ECF No. 110.) The Government has responded, arguing that, although Castro Riascos is eligible for a reduction under § 3582(c)(2), the 18 U.S.C. § 3553(a) factors weigh against him. (Resp., ECF No. 115.) Castro Riascos has not replied, and the time to do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **grants** the motion for reduction of sentence, in part, but **denies** Castro Riascos's request for the appointment of counsel. (**ECF No. 110**.)

    1. **Background**

      On September 22, 2020, Castro Riascos waived indictment and was charged by information, along with two other co-defendants, with conspiracy to possess, and possession with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States. (ECF Nos. 20, 21.) On February 8, 2021, pursuant to a plea agreement (ECF No. 51) and factual proffer (ECF No. 52), Castro Riascos pleaded guilty to count one of the information—specifically, to conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 46 U.S.C. § 70506(a) and 21 U.S.C. § 960(b)(1)(B).

      The United States Probation Office prepared a pretrial services report ("PSI"), which determined that Castro Riascos had a total offense level of 35, a criminal history category of I, and an advisory guideline range of 168 to 210 months. (Resp. at 2.) After sustaining a number of Castro Riascos's objections to the PSI, however, the Court, on April 16, 2021, determined that Castro Riascos's total offense level was 27, yielding a guideline range of only 70 to 87 months, and sentenced Castro Riascos to 72 months' imprisonment, to be followed by

two years' supervised release. (*Id.*) As of the filing of his motion, Castro Riascos had served about 43 months and has an anticipated release date of June 23, 2024, subject to an Immigration and Customs Enforcement detainer. (*Id.* at 2–3.) Castro Riascos has had no disciplinary infractions. (*Id.* at 3.)

Since Castro Riascos was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821"). Castro Riascos now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 72 months in prison and two years of supervised release.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the

policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

#### A. Castro Riascos is entitled to a sentence reduction.

As noted, the retroactive amendment that Castro Riascos invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1

(Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Here, as the Government acknowledges, a review of Castro Riascos's case reveals he is indeed eligible for a sentence reduction pursuant to Amendment 821. Castro Riascos qualifies for the adjustment for zero-point offenders because he meets all the criteria set forth above. In addition, a reduction in Castro Riascos's sentence is consistent with the applicable policy statements.

Specifically, application of the two-level reduction in Castro Riascos's sentence results in offense level of 25, instead of 27, with a new guideline range of 57 to 71 months. Upon considering the § 3553(a) factors, the Court concludes, contrary to the Government's position, that Castro Riascos is entitled to a reduction in his sentence, proportionate to his original sentence, just above the low-end of his reduced guidelines. Where the Court initially imposed a sentence of 72 months, within Castro Riascos's original guideline range of 70 to 87 months, the Court now reduces his sentence to 60 months. Since this is nonetheless above the minimum of Castro Riascos's amended guideline range, it does not run afoul of the relevant policy statement. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 2691 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced.") (cleaned up).

### B. Castro Riascos is not entitled to appointment of counsel.

Finally, the Court also determines that Castro Riascos is not entitled to appointment of counsel to pursue his motion for reduction of sentence. Courts have uniformly held that defendants do not have a statutory or constitutional right to counsel in these matters. *See United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009) ("The notion of a statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue, and we agree with this consensus."). Additionally, Castro Riascos establishes no unique facts or circumstances that would warrant the Court's exercise of discretion to appoint counsel here.

### 4. Conclusion

Accordingly, based on the foregoing, the Court **grants in part and denies in part** Castro Riascos's motion (**ECF No. 110**). The Court reduces Castro Riascos's sentence to ***60 months*** in prison, with all other terms and conditions to remain in effect, including his two years of supervised release. In accordance with the Sentencing Commission's policy statement applicable here, the Court's order will not be effective until **February 1, 2024**. *See* U.S.S.G. § 1B1.10 cmt. n. 7. At the same time, the Court denies Castro Riascos's request for the appointment of counsel.

**Done and ordered** in Miami, Florida on January 2, 2024.

_____
Robert N. Scola, Jr.
United States District Judge